UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JOSEPH A. RUSHING,                       )
                                         )
                 Plaintiff,              )
                                         )
         v.                              )    No. 1:26-cv-00191-JRO-KMB
                                         )
JASON CARTER Dr., et al.,                )
CENTURION HEALTH,                        )
                                         )
                 Defendants.             )

**ORDER DISMISSING COMPLAINT AND DIRECTING
FILING OF AMENDED COMPLAINT**

Plaintiff Joseph A. Rushing is a prisoner currently incarcerated at New Castle Correctional Facility ("New Castle"). He filed this civil action regarding the medical care he received at New Castle for his skin condition. Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. SCREENING STANDARD**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. THE COMPLAINT

The Court accepts Rushing's factual allegations as true at the pleading stage but not his legal conclusions. *See Iqbal*, 556 U.S. at 678 ("we must take all of the factual allegations in the complaint as true," but "we 'are not bound to accept as true a legal conclusion couched as a factual allegation'") (quoting *Twombly*, 550 U.S. at 555)).

Rushing names two defendants: Dr. Jason Carter and Centurion Health. His allegations are summarized as follows. Rushing contracted spongiotic dermatitis (a skin condition) at New Castle in 2021. Dkt. 1 at 3. In 2022 (and before Rushing's condition was diagnosed), Dr. Carter prescribed him cyclosporin. *Id.* at 2. After Rushing had been on cyclosporin "for more than a year," he learned from an outside dermatologist (who made the spongiotic dermatitis diagnosis) that treating his condition with cyclosporin "is like trying to put a fire out with gasolene." *Id.* at 3. The long term cyclosporin use caused Rushing's lung to collapse, and he was rushed to a hospital. *Id.* at 3–4. After release from the hospital, he was returned to New Castle and placed on folic acid, methotrexate, and Yusimry. *Id.* at 4. He was on these medications for several

months before having a follow-up visit with the outside dermatologist. *Id.* The dermatologist, upon hearing Rushing's new medication regimen, said "Don't you know that this stuff could kill you? The mixing of those drugs are dangerous." *Id.*

Rushing values his case at five million dollars and requests injunctive relief. *Id.* at 5.

### III. DISMISSAL OF COMPLAINT

Applying the screening standard to the factual allegations in the complaint, Rushing's complaint must be dismissed.

First, private corporations acting under color of state law—including those that contract with the state to provide essential services to prisoners—are treated as municipalities for purposes of Section 1983 and can be sued when their actions violate the Constitution. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). To state a *Monell* claim, the plaintiff must identify an action taken by the municipality and allege a causal link between the municipality's action and the deprivation of federal rights. *Dean,* 18 F.4th at 235. "A municipality 'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Levy v. Marion Co. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019). Rushing makes no allegations that his injuries resulted from a policy, practice, or custom by Centurion Health and therefore has failed to state a claim against this defendant.

3

Second, to state an Eighth Amendment claim for medical mistreatment or the denial of medical care, Rushing must allege that Dr. Carter displayed "deliberate indifference towards an objectively serious medical need." *Thomas v. Blackard*, 2 F.4th 716, 721–22 (7th Cir. 2021). This requires allegations of "'(1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent.'" *Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021) (quoting *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016)). Rushing's allegations of spongiotic dermatitis are enough to allow a conclusion that he experienced an objectively serious medical condition. But he alleges only (1) that Dr. Carter first prescribed a medication that exacerbated his condition (that was not yet diagnosed),[1] and (2) prescribed a combination of medications that have potentially fatal interactions.

Rushing's claims sound in medical negligence, not a constitutional violation.  As to the first, the allegations are not enough to raise an inference that Dr. Carter was subjectively aware either that the cyclosporin would exacerbate Rushing's (at the time, undiagnosed) condition. As to the second, there are no allegations that Dr. Carter was aware of the potential interactions of the medication regimen and was deliberately indifferent to them or that, having been made aware of any potential interactions, he refused to make a change to the regimen. Rushing therefore has not stated an Eighth Amendment deliberate indifference claim. *See Huber v. Anderson*, 909 F.3d 201, 208 (7th Cir.

---

[1] The Court also notes that these allegations may be barred by the statute of limitations. At present, though, the Court need not resolve this issue.

4

2018) (deliberate indifference "requires more than negligence or even gross negligence; a plaintiff must show that the defendant was essentially criminally reckless, that is, ignored a known risk.") (internal quotation omitted).

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

### IV. OPPORTUNITY TO FILE AN AMENDED COMPLAINT

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the Court will allow the plaintiff to amend his complaint if, after reviewing this Court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

The plaintiff shall have **through July 24, 2026, to file an amended complaint**.

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have

suffered and what persons are responsible for each such injury. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order, which he must use if he files an amended complaint. *See* Local Rule 8-1 (requiring pro se plaintiffs to use the clerk-provided form for claims under 42 U.S.C. § 1983).

Any amended complaint should have the proper case number, 1:26-cv-00191-JRO-KMB, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**SO ORDERED**.

Date:  6/25/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

JOSEPH A. RUSHING
895997
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362