UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOSEPH A. RUSHING,<br><br>Plaintiff,<br><br>v.<br><br>JASON CARTER,<br>CENTURION HEALTH,<br><br>Defendants. | ) | No. 1:26-cv-00191-JRO-KMB |

**ORDER SCREENING AMENDED COMPLAINT AND DISMISSING CASE**

The Court screened Joseph Rushing's complaint pursuant to 28 U.S.C. § 1915A and dismissed it for failure to state a claim upon which relief may be granted. Dkt. 17. Rushing has taken his opportunity to submit an amended complaint, dkt. 18, and an accompanying affidavit, dkt. 19. Because Rushing is a prisoner, the amended complaint, too, is subject to screening under § 1915A.

## I. SCREENING STANDARD

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. THE AMENDED COMPLAINT

Rushing asserts claims for damages against Defendants Dr. Jason Carer, Centurion Health, and the State of Indiana based on the following allegations, which the Court accepts as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

Dr. Carter, on behalf of Centurion Health and via the State of Indiana, prescribed cyclosporin to Rushing in 2021 or 2022 at the New Castle Correctional Facility ("New Castle"). Dkt. 19 at 2. Rushing developed complications that resulted in surgery and a two-week hospital stay. *Id.* at 3. When Rushing returned to New Castle, he was prescribed folic acid, methotrexate, and Yusimru. *Id.* After several months, Rushing was seen by an outside medical provider, who was alarmed at the medications prescribed to Rushing due to possible lethal interactions, and the provider also indicated that cyclosporin would not help Rushing's underlying condition. *Id.* at 3–4.

Rushing intends to prove that "Dr. Jason Carter, via, Centurion Health and the State were negligent in ensuring [Rushing's] adequate medical care." *Id.* at 4–5.

Rushing requests monetary damages. *Id.* at 5.

## III. DISCUSSION OF CLAIMS

Although a plaintiff need not plead legal theories in a complaint, see Fed. R. Civ. P. 8(a), Rushing has identified the theories he wishes to use—the Eighth Amendment's prohibition on cruel and unusual punishment. *See* dkt. 18 at 4. Where a pro se litigant has expressly stated the legal theory he wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory. *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2016) (citing *Clancy v. Office of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606-07 (7th Cir. 2009)). Thus, the Court analyzes Rushing's claims only under the Eighth Amendment.

"Prison officials can be liable for violating the Eighth Amendment when they display deliberate indifference towards an objectively serious medical need." *Thomas v. Blackard*, 2 F.4th 716, 721–22 (7th Cir. 2021). "Thus, to prevail on a deliberate indifference claim, a plaintiff must show '(1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent.'" *Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021) (quoting *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016)). Deliberate indifference requires more than negligence or even objective recklessness. *Id.* Rather, Rushing must adequately allege that "an official actually knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016). Here, Rushing has only alleged that Dr. Carter was negligent and not that he actually knew of any substantial risk

of harm to Rushing. This is not enough to state an Eighth Amendment claim, so the claims against Dr. Carter are dismissed.

Next, private corporations acting under color of state law, such as Centurion Health, are treated as municipalities for purposes of Section 1983 and can be sued when their actions violate the Constitution. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). To state a *Monell* claim, a plaintiff must identify an action taken by the municipality and allege a causal link between the municipality's action and the deprivation of federal rights. *Id.* "A municipality 'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Levy v. Marion Co. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019) (citing *Bd. of the Cty. Commissioners v. Brown*, 520 U.S. 397, 403–04 (1997)). The complaint does not identify any action taken by Centurion that violated Rushing's constitutional rights, nor does he allege facts from which the Court could infer that Centurion has a policy, pattern, or practice of similar misconduct. *See McCauley v. City of Chicago*, 671 F.3d 611, 616–18 (7th Cir. 2011). Accordingly, the claims against Centurion are **dismissed**.

Finally, the claims against the State of Indiana are **dismissed** because the state is not a "person" subject to suit under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989).

## IV. DISMISSAL OF ACTION

The amended complaint fails to state a plausible claim for relief for the reasons discussed in Part III. This is the second time Rushing has failed to state

a plausible claim for relief in this case. Rushing's amended complaint has failed to cure the defects identified by the Court in the first screening order. Accordingly, the case is **dismissed with prejudice** for **failure to state a claim** pursuant to § 1915A.

Because this case is being dismissed for failure to state a claim, the plaintiff is warned that it may constitute a "strike" under 28 U.S.C. § 1915(g), which limits a prisoner's ability to proceed *in forma pauperis* after having three cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Hill v. Madison Cty., Ill.*, 983 F.3d 904, 906 (7th Cir. 2020) ("It makes good sense for a judge who believes a dismissal to come within the scope of § 1915(g) to include notice to that effect," even though later courts must make the conclusive determination of whether each prior dismissal meets the statutory definition).

The **clerk is directed** to enter **final judgment**.

**SO ORDERED.**

Date: 10/1/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

JOSEPH A. RUSHING
895997
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362